ELECTRONIC RULING ON PLAINTIFF'S MOTION TO STRIKE AFFIDAVIT AND/OR TO COMPEL DEPOSITION, FILED 7/22/14 (Dkt. #27), IN <u>CHUNG V. GRACE ROAD CHURCH (NEW YORK) ET AL.</u>, 13 CV 1760 (JBA)

8/28/14 – On November 26, 2013, plaintiff commenced this diversity action against the three defendants, followed by an Amended Complaint, filed on June 10, 2014 (Dkt. #22), with respect to alleged injuries sustained by him as a result of a "religious healing" conducted by defendants. The Amended Complaint contains nine counts, for false imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress, respondeat superior, assault, battery, negligence, negligent supervision, and breach of fiduciary duty. (Dkt. #22).

On June 24, 2014, defendants filed their pending Motion to Dismiss, brief in support, affidavits in support, and exhibit in support (Dkt. #23), which included an affidavit from plaintiff's sister, Myung Hee Chung, sworn to on June 17, 2014 before a notary in Queens County, New York ["Myung Chung Aff't"]; this motion is pending before U.S. District Judge Janet Bond Arterton, for which oral argument is scheduled on October 22, 2014. (5/30/14 Electronic Entry). Under the latest scheduling order, plaintiff's supplemental brief in opposition is due thirty days from the filing of this electronic ruling. (Dkt. #35; <u>see also</u> Dkts. ##24-25, 29-30, 32-34, 36).

On July 22, 2014, plaintiff filed the pending Motion to Strike Affidavit and/or to Compel Deposition (Dkt. #27), which Judge Arterton referred to this Magistrate Judge the next day. (Dkt. #28). In this motion, plaintiff contends that the representations made by Myung Hee Chung in her affidavit are "materially different" from those made during a "recorded interview" with plaintiff's Conservator when Ms. Chung was in Seattle, Washington. (At 2-3). Plaintiff's counsel further represent that they have been unable to "set up" Myung Chung's deposition with defense counsel. (At 3-4). As a result, plaintiff requests that the Court strike the Myung Chung Aff't under FED. R. CIV. P. 12(f), or, in the alternative, enter an order compelling defendants to produce her for a deposition pursuant to FED. R. CIV. P. 37, in that if defendants "have the ability to locate [Myung] Chung to have her execute a notarized affidavit, they certainly have the ability to produce her" for a deposition. (At 4-5).

On August 11, 2014, defendants filed their brief in opposition (Dkt. #31), in which they represent that defense counsel does not represent Myung Chung, that they would not provide a non-party's personal information absent a court order, and that any inquiry should be directed to the mutual parents of plaintiff and Myung Chung. (Dkt. #31, Brief at 2-3). Defendants further point out that plaintiff has failed to produce a sworn statement from plaintiff's Conservator or attorney, nor a transcript of the alleged conversation, which would have required Ms. Chung's consent to recording this conversation under both Connecticut and Washington law. (<u>Id.</u> at 3-4). Defendants argue that a Motion to Strike under Rule 12(f) is inappropriate relief (<u>id.</u> at 4-5), plaintiff has not met the standard for relief under Rule 12(f) (at 5-6), and that there is no legal basis to compel defendants to produce Ms. Chung, a non-party. (At 6-7; <u>see also</u> Dkt. #36, at 2-3).

As to plaintiff's request to strike the Myung Chung Aff't, that request is <u>denied, without prejudice to reconsideration</u> by Judge Arterton when she rules on defendants' Motion to Dismiss. As to plaintiff's request to compel the deposition of Ms. Chung, that request is also

denied, without prejudice, insofar as Ms. Chung is a non-party. If plaintiff is unable to locate his sister through conventional means (i.e., through his parents or searches on the Internet), then plaintiff may renew this portion of his motion, and must specify the efforts he made in attempting to locate Ms. Chung.

Accordingly, plaintiff's Motion to Strike Affidavit and/or to Compel Deposition (Dkt. #27) is denied without prejudice to renew, to the extent set forth above.

Unless otherwise ordered by the Court, plaintiff's supplemental brief in opposition to defendants' Motion to Dismiss shall be filed **on or before September 29, 2014**, and defendants' supplemental reply brief, if any, shall be filed **on or before October 13, 2014**.