ELECTRONIC RULING ON PLAINTIFF'S RENEWED MOTION TO STRIKE AFFIDAVIT AND/OR TO COMPEL DEPOSITION, FILED 9/18/14 (Dkt. #38), IN CHUNG V. GRACE ROAD CHURCH (NEW YORK) ET AL., 13 CV 1760 (JBA)

10/22/14 – The unusual factual and procedural history behind this litigation has been set forth in some detail in this Magistrate Judge's Electronic Ruling on Plaintiff's Motion to Strike Affidavit and/or To Compel Deposition, filed August 28, 2014 (Dkt. #37)["August 2014 Discovery Ruling"].

As indicated in the August 2014 Discovery Ruling, on June 24, 2014, defendants filed their pending Motion to Dismiss, brief, affidavits and exhibit in support (Dkt. #23), which included an affidavit from the plaintiff-Conserved's sister, Myung Hee Chung ["Ms. Chung"], sworn to on June 17, 2014 before a notary in Queens County, New York; this motion is pending before U.S. District Judge Janet Bond Arterton, for which oral argument is now scheduled on December 9, 2014.  (Dkt. #40).  Under a scheduling order filed by Judge Arterton on August 20, 2014, plaintiff's supplemental brief in opposition was due thirty days from the filing of the August 2014 Discovery Ruling.  (Dkt. #35; see also Dkts. ##24-25, 29-30, 32-34, 36).

On July 22, 2014, plaintiff filed his Motion to Strike Affidavit and/or to Compel Deposition (Dkt. #27), which Judge Arterton referred to this Magistrate Judge the next day. (Dkt. #28). In this motion, plaintiff argued that the representations made by Ms. Chung in her affidavit are "materially different" from those made during a "recorded interview" with the plaintiff-Conservator when Ms. Chung was in Seattle, Washington; that plaintiff's counsel has been unable to "set up" Ms. Chung's deposition with defense counsel; and that if defendants "have the ability to locate [Ms.] Chung to have her execute a notarized affidavit, they certainly have the ability to produce her" for a deposition.  (At 2-5).  In their brief in opposition, defendants contended  that defense counsel does not represent Ms. Chung, that they would not provide a non-party's personal information absent a court order, and that any inquiry should be directed to the mutual parents of plaintiff and Ms. Chung.  (Dkt. #31, Brief at 2-3).

The August 2014 Discovery Ruling concluded as follows:

> As to plaintiff's request to strike the Myung Chung [affidavit], that request is denied, without prejudice to reconsideration by Judge Arterton when she rules on defendants' Motion to Dismiss.  As to plaintiff's request to compel the deposition of Ms. Chung, that request is also denied, without prejudice, insofar as Ms. Chung is a non-party.  If plaintiff is unable to locate his sister through conventional means (i.e., through his parents or searches on the Internet), then plaintiff may renew this portion of his motion, and must specify the efforts he made in attempting to locate Ms. Chung.

(At 1-2)(emphasis in original).

On September 18, 2014, plaintiff filed his Renewed Motion to Strike Affidavit and/or to Compel Deposition, affidavit of Sung-Ho Hwang ["Hwang Aff't"], affidavit of Daniel P. Scholfield ["Scholfield Aff't"], with three exhibits, and affidavit of Manfred Brideau ["Brideau Aff't"].  (Dkt. #38).  Judge Arterton referred this motion to this Magistrate Judge the next day. (Dkt. #39).  On October 1, 2014, defendants filed their brief in opposition.  (Dkt. #41).

Plaintiff's counsel have detailed the substantial efforts they have taken into order to locate Ms. Chung, with whom the plaintiff-Conservator has had no contact since December 4, 2013, when Ms. Chung came to Connecticut to challenge the appointment of a conservator in Probate Court; these efforts include use of "Person Search" on LexisNexis and attempts at service of subpoenas at two addresses at which Ms. Chung did not reside, and retaining a retired Connecticut State Police Major as a private investigator, who interviewed the parents of the plaintiff-Conserved and Ms. Chung, and having obtained Ms. Chung's telephone number, then placed seven telephone calls to her that have not been returned; in addition, the parents of the plaintiff-Conserved and Ms. Chung now appear to be avoiding contact from the private investigator.  (Dkt. #38, at 2-5; Hwang Aff't, ¶¶ 3-11; Scholfield Aff't, ¶¶ 3-12 & Exhs. A-C; Brideau Aff't, ¶¶ 2-21).

In their brief in opposition, defendants argue that plaintiff's motion is moot because the time to serve a supplemental opposition has passed (Dkt. #41, Brief at 3), that defense counsel does not represent Ms. Chung (id.), that plaintiff has not requested the Court's permission to conduct depositions (at 3-4), that plaintiff has not set forth an issue of fact justifying the relief sought (at 4-6), and that no legal basis exists to compel defendants to produce Ms. Chung (at 6).

Defendants are incorrect with respect to their first, third and fourth arguments, in that plaintiff filed this motion in a timely fashion, and expressly requested an opportunity to take Ms. Chung's deposition in his July 2014 motion, in which he spelled out the facts which varied between the plaintiff-Conservator's recorded interview with Ms. Chung in Seattle and in her affidavit.  (Dkt. #27, at 2-3).  The difficulty lies, however, in the fact that defense counsel does not represent Ms. Chung and lacks the authority to compel her attendance at a deposition, although, as plaintiff appropriately points out, she did make herself available to defense counsel, at least as of mid-June 2014, with respect to her affidavit.

Therefore, consistent with the August 2014 Discovery Ruling, as to plaintiff's request to strike Ms. Chung's affidavit, that request is <u>denied, without prejudice to reconsideration</u> by Judge Arterton when she rules on defendants' Motion to Dismiss.  As to plaintiff's request to compel the deposition of Ms. Chung, that request is <u>granted, and defense counsel is requested to make good faith efforts to assist plaintiff's counsel in attempting to locate Ms. Chung for her deposition, while recognizing that defense counsel has no authority to compel her attendance thereat.</u>

Accordingly, plaintiff's Renewed Motion to Strike Affidavit and/or to Compel Deposition (Dkt. #38) is <u>granted in part and denied in part to the extent set forth above</u>.

Unless otherwise ordered by the Court, plaintiff's supplemental brief in opposition to defendants' Motion to Dismiss shall be filed **on or before November 21, 2014**, and defendants' supplemental reply brief, if any, shall be filed **on or before December 2, 2014**.