UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SEUNGICK CHUNG,<br>    *Plaintiff*,<br>        *v.*<br>GRACE ROAD CHURCH, *et al.*,<br>    *Defendants*. | Civil No. 3: 13cv1760(JBA)<br><br>December 8, 2014 |

## RULING ON DEFENDANTS' MOTION FOR RECONSIDERATION OF THE ORDER DENYING THE JOINT MOTION FOR EXTENSION OF TIME

Defendants move [Doc. # 46] for reconsideration of the Court's Order [Doc. # 45] denying the parties' Joint Motion [Doc. # 45] for Extension of Time, seeking to postpone oral argument on Defendants' Motion [Doc. # 23] to Dismiss, scheduled for December 9, 2014. For the reasons that follow, Defendants' Motion for Reconsideration is denied.

In their Motion to Dismiss, Defendants contended both that there is no personal jurisdiction over them in Connecticut and that venue lies only in the Eastern District of New York. (*See* Defs.' Mot. to Dismiss at 5.) The parties have been permitted to conduct limited discovery related to jurisdictional facts, including the deposition of Myung-Hee Chung, which was completed after the parties submitted briefing on Defendants' Motion to Dismiss. (*See* Jt. Mot. Extension of Time at 1–2; Pl.'s Opp'n to Mot. Dismiss [Doc. # 32] at 6.) In denying the Joint Motion for Extension of Time, the Court stated that it would proceed with oral argument addressing the question of whether venue lies in this District and, if necessary, it would set a schedule for supplemental briefing and further oral argument on the remaining grounds for dismissal asserted by Defendants, including personal jurisdiction. (Order Denying Jt. Mot. for Extension of Time.)

Defendants now contend that "the Court should first determine whether it has personal jurisdiction over the Defendants before venue is considered," because "'[t]he question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue.'"  (Mot. Reconsideration at 1 (quoting *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979).)  But as Defendants note, the Supreme Court held in *Leroy* that "when there is a sound prudential justification for doing so," such as when the question of personal jurisdiction is "more difficult," "a court may reverse the normal order of considering personal jurisdiction and venue."  443 U.S. at 180.

Given that the Court's original Order is consistent with the authority cited by Defendants' Motion for Reconsideration, Defendants have not met the "strict" standard for reconsideration, which should be granted only if "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Although this could be the end of the matter, the Court also notes that there is sound prudential justification for addressing the question of venue first, because if the Court concludes that a "substantial part" of the underlying events in this action took place in the Eastern District of New York only, *see*

28 U.S.C. § 1391(b)(2)[1], where Defendants do not dispute that personal jurisdiction lies, it would not need to conduct the more detailed examination of whether Defendants had sufficient "minimum contacts" with Connecticut to support personal jurisdiction. *See Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 356–57 (2d Cir. 2005) ("That means for venue to be proper, *significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere. It would be error, for instance, to treat the venue statute's 'substantial part' test as mirroring the minimum contacts test employed in personal jurisdiction inquiries."). Therefore, the Court will exercise its discretion to consider venue first. *See Basile v. Walt Disney Co.*, 717 F. Supp. 2d 381, 385 (S.D.N.Y. 2010) ("[I]t seems prudentially appropriate to address venue first since a decision to transfer would render personal jurisdiction analysis with respect to this district irrelevant."); *Pancoast v. Lee*, 306 F. App'x 652 (2d Cir. 2009) (noting that a district court has "authority, notwithstanding the absence of personal jurisdiction, to transfer [a] case pursuant to § 1406(a) if the interests of justice so require").

Accordingly, Defendants' Motion [Doc. # 46] for Reconsideration is DENIED. Oral argument will proceed on December 9, 2014 at which point counsel for the parties

---

[1] Venue could also lie in this District under 28 U.S.C. § 1391(b)(3), which provides that "if there is no district in which an action may otherwise be brought as provided in this section," venue lies in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." But resort to § 1391(b)(3) is appropriate "'only if neither § 1391(a)(1) or (2) can be satisfied.'" *Doctor's Associates, Inc. v. Stuart*, 85 F.3d 975, 983 (2d Cir. 1996). It is undisputed that venue does not lie under § 1391(a)(1), because none of the defendants reside in Connecticut.

are free to bring to the Court's attention any significant testimony from Ms. Chung's deposition.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 8th day of December, 2014.